**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**DANNY RAY DUNLAP**                                               **PLAINTIFF**

**v.**                                               **CIVIL CASE NO. 4:25-CV-171-RP**

**COMMISSIONER OF**
**SOCIAL SECURITY**                                               **DEFENDANT**

**OPINION AND JUDGMENT**

Pursuant to 42 U.S.C. § 405(g), the plaintiff Deann Burgess brought this action for

judicial review of an unfavorable decision of the Commissioner of Social Security regarding an

application for supplemental security income. The parties have consented to entry of final

judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c). ECF 8. The

undersigned held a hearing on April 15, 2026. Having considered the record, the administrative

transcript, the briefs of the parties, the oral arguments of counsel, and the applicable law, the court

finds that the Commissioner's decision is not supported by substantial evidence and should be

reversed.

**Standard of Review**

In determining disability, the Commissioner, through the Administrative Law Judge

("ALJ"), works through a five-step sequential evaluation process.[1] The burden rests upon

plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff

is successful in sustaining his burden at each of the first four levels, then the burden shifts to the

Commissioner at step five.[2] First, plaintiff must prove [he] is not currently engaged in

substantial gainful activity.[3] Second, plaintiff must prove his impairment is "severe" in that it

---

[1]*See* 20 C.F.R. §§ 404.1520, 416.920 (2010).
[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).
[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

"significantly limits [his] physical or mental ability to do basic work activities . . . ."[4]  At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5]  If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6]  At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7]  If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard.  *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990).  The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim.  *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983).  The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10]  The Fifth Circuit has held that

---

[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).
[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010).  If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity."  20 C.F.R. § 416.925 (2003).
[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).
[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).
[8]*Muse*, 925 F.2d at 789.
[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).
[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### Commissioner's Decision

At step one of the sequential evaluation process, the ALJ found that the plaintiff has not engaged in substantial gainful activity since his August 9, 2022 application date. At step two, he found that, as of the date of application, the plaintiff had the severe impairments of status post left ankle fracture, post-traumatic osteoarthritis left lower extremity, and vision problems. At step three, he found that the plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. The ALJ then determined that the plaintiff has the residual functioning capacity ("RFC") to perform medium work, except:

> The claimant may push and/or pull as much as he can lift and/or carry. The claimant can occasionally climb ramps and stairs and never climb ladders, ropes, or scaffolds. The claimant can never be exposed to hazards such as unprotected heights and moving mechanical parts. The claimant can avoid ordinary hazards in the workplace such as doors ajar, approaching vehicles and boxes on the floor.

At step four, the ALJ found that the plaintiff had no past relevant work. Finally, at step five, the ALJ found that considering the plaintiff's age, education, work experience, and RFC, there are

alternative jobs that exist in significant numbers in the national economy that the plaintiff can perform, such as the representative occupations of kitchen helper, laundry walker, and washer. Accordingly, the ALJ concluded that the plaintiff has not been disabled since August 9, 2022, the date on which she filed her application.

### Discussion

The plaintiff makes several related arguments concerning the ALJ's purported failure to properly consider the results of the plaintiff's November 11, 2024 x-ray showing a worsening of the arthritis in his left ankle, which arguments, in combination, persuade the court that reversal and remand of the Commissioner's decision is warranted.[11]  Whereas a November 22, 2023 x-ray of the plaintiff's left ankle – taken in connection with the plaintiff's physical consultative examination – showed "mild arthritic changes" to the ankle joint, a subsequent x-ray of the left ankle on November 11, 2024 – about a month before the administrative hearing – showed the plaintiff had "quite of bit of arthritis" and had "developed significant arthritis" in the ankle joint. Citing this evidence showing a worsening of the plaintiff's left ankle impairment, which evidence was not reviewed by the state agency physicians or the consultative examiner, the plaintiff's attorney at the administrative hearing requested a CE to assess the plaintiff's standing and walking abilities.  The ALJ took the request under advisement and ultimately made the disability determination without ordering the requested CE, which the plaintiff contends was erroneous.

---

[11] The court is unpersuaded by the plaintiff's argument challenging the ALJ's finding of a high school education, as the plaintiff reported obtaining a GED, which ALJs are instructed to accept as a high school education under SSA policy.  SSA -POMS § DI 25015.010 Education as a Vocational Factor (Aug. 6, 2020).

"The ALJ's duty to undertake a full inquiry … 'does not require a consultative examination at government expense unless the record establishes that such an examination is *necessary* to enable the administrative law judge to make the disability decision.'" *Pierre v. Sullivan*, 884 F.2d 799, 802 (1989) (quoting *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977) (emphasis in original)). Situations that may require a CE to secure needed medical evidence include those where "there is an indication of a change in your condition that is likely to affect your ability to work, but the current severity of your impairment is not established." 20 C.F.R. § 404.1519a(b)(4). Whether to require such an examination is within the ALJ's discretion. *Pierre,* 884 F.2d at 802.

In the present case, the treatment notes containing the results of the second x-ray also contain the results of a physical examination that day of the plaintiff's left ankle and its ranges of motion, so the ALJ might have relied on that evidence as a reason for finding another CE was not necessary, but the ALJ did not offer this or any other explanation for not ordering the requested CE. What is more, in his decision the ALJ did not even acknowledge that the second x-ray showed worsening arthritis in the plaintiff's left ankle, instead stating only that the second x-ray showed arthritis of the ankle joint. While certainly the ALJ is not required to recite every scrap of evidence that a claimant considers helpful to his case, the fact that the second x-ray showed a worsening of the plaintiff's left ankle impairment is material evidence, it was the basis for the plaintiff's request for another CE, and the ALJ should have expressly considered it. The ALJ's failure to do so gives the appearance of improper "picking and choosing" only the evidence that supports his position. *See Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000) (stating "it is clear the ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his decision").

The plaintiff also argues that the ALJ erroneously relied on the administrative medical findings of the state agency physicians, who found the plaintiff capable of performing a limited range

of medium work, when those physicians did not have the benefit of the second x-ray showing a worsening of the plaintiff's left ankle arthritis.  Of course, this court has held, "A state agency consultant's lack of opportunity to review all treatment records does not prevent an ALJ from relying on the consultant's assessment if the ALJ conducts an independent review of all the evidence, including the records the consultant did not consider." *Madkins v. Commissioner of Social Security*, No. 3:24-CV-06-RP, 2024 WL 3558728, at *3 (N.D. Miss. July 25, 2024), *aff'd*, 150 F.4th 657 (5th Cir. 2025).   However, as discussed herein above, the ALJ in this case did not appear to consider that the second x-ray showed a worsening of the plaintiff's left ankle impairment.

The court finds that the ALJ committed error in not ordering the requested CE and in relying on the state agency consultants' findings without expressly considering that the second x-ray showed worsening arthritis in the plaintiff's left ankle.  The court finds that prejudice is established by the x-ray showing the worsening condition and the plaintiff's testimony about disabling limitations resulting from that impairment

For these reasons and for those stated from the bench at the conclusion of oral argument, the Commissioner's decision is REVERSED and REMANDED for a rehearing of the plaintiff's application under the fourth sentence of § 405(g).

SO ORDERED AND ADJUDGED, this, the 20th day of April, 2026.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE