**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**DANNY RAY DUNLAP**                                                           **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 4:25-CV-171-RP**

**COMMISSIONER OF SOCIAL SECURITY**                              **DEFENDANT**

<u>**ORDER GRANTING MOTION FOR ATTORNEY FEES**</u>

Before the court is Plaintiff's motion seeking an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. ECF 28. Per his motion, Plaintiff seeks an award in the amount of $8,408.73 for 33 hours of work at an hourly rate of $254.81. The Commissioner has responded in opposition to Plaintiff's motion, arguing that Dunlap's fees should be reduced. Having reviewed the arguments by the parties and the relevant law, the undersigned finds that the plaintiff's motion is well-taken and should be granted.

**Procedural Background**

This matter came before the court on Plaintiff's appeal of the Commissioner of the Social Security Administration's denial of his application for supplemental security income. Following the parties' filing of briefs in support of their respective positions and subsequent oral argument of the issues raised, the undersigned entered an Opinion and Judgment ordering that the Commissioner's decision be reversed and remanded. ECF 17. Plaintiff then filed the present motion on April 20, 2026, seeking attorney fees pursuant to the Equal Access to Justice Act. The commissioner timely submitted a response in opposition of the motion, claiming that the requested hours are unreasonable and requesting that the court "exercise its discretion and reduce Plaintiff's award by 11.45 hours, or 50% of Plaintiff's block-billed entry" and award no more than $5,491.15 in fees.

1

**Law and Analysis**

The EAJA provides that a court shall award attorney fees and costs to a prevailing party in a civil action brought against the United States. 28 U.S.C. § 2412. Attorney fees shall be awarded to a prevailing party "unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). In the present case, there is no dispute that the Plaintiff is the prevailing party and is, therefore, entitled to an award of fees under the EAJA. The issue the Commissioner raises is that plaintiff's document of itemized services reflects that counsel has engaged in block-billing and perhaps a failure to bill contemporaneously.

The plaintiff requests a total of $8,408.73 in attorney fees. Plaintiff submits to the court that this amount accounts for 33 hours of work she has performed in this case at a rate of $254.81 per hour. Upon review of Plaintiff's itemized list of services rendered, the Commissioner takes issue with the single entry below:

| 12/23/25-01/19/26 | Performed Legal Research, Drafted Brief, Edited Brief, and Submitted brief to ECF | 22.90 |
| --- | --- | --- |

The Commissioner requests that, "[g]iven the egregious nature of Plaintiff's block billing (a single entry comprising over 2/3rds of all requested hours), the court reduce the 22.90 hours listed for the entry by 50%. It is his position that the vagueness of the entry renders the court unable to determine if the hours requested for this entry are reasonable.

"An award of attorney's fees under the EAJA must be reasonable." *Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005). As the fee applicant, Dunlap bears the burden of showing that the number of hours that she has expended are reasonable, *id.* at *1 (citing *Von Clark v. Butler*, 916 F.2d 255 (5th Cir. 1990), whereas it is the court's independent duty to review her request and determine what is reasonable, *Hensley v. Eckerhart*, 461 U.S. 424,

433-434, 103 S.Ct. 1933, 1939 (1983).[1]  In reply to the Commissioner's response, Dunlap contends that 22.5 hours accounts for the research, drafting, and editing of a brief containing nearly eight pages of pure legal argument and addressing three issues and two sub-issues as to one of the issues. In further support of her fee, Dunlap points out the fact that this case was remanded after full briefing and oral argument before the court.  Plaintiff argues that courts, including this one, have granted higher award amounts when requested in cases involving less issues and even cases remanded before briefing.  *See Washington v. Commr. of Soc. Sec.*, No. 3:22CV30-RP, 2022 WL 16727117 (N.D. Miss. Nov. 4, 2022).

Although block-billing is not preferable and courts may reduce fees when litigants engage in such practices, the undersigned does not find that a reduction is warranted in the instant case. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 327 (5th Cir. 1995) (finding that district court did not err in refusing to reduce hours in question for vagueness).[2]  The court finds that Dunlap's fee application is reasonable upon consideration of the record in this matter, his success in obtaining remand, and the overall fee requested for services rendered.  Therefore, the court finds that Dunlap's motion is well-taken and it will decline to reduce any hours of counsel's service hours.

---

[1] In *Hensley*, the Supreme Court noted:
> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.  Where documentation of hours is inadequate, the district court may reduced the award accordingly.
> *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

[2] The Fifth Circuit explained that counsel's entries "may border on inadequacy as a matter of law, but we are mindful that practical consideratons of the daily practice of law in this day and age preclude "writing a book" to detail professional services rendered each hour.  The court considered the record as a whole as well as the district court's familiarity with the case and the quality of the attorney's work over a period of several years.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act [ECF 18] is GRANTED. Plaintiff's counsel is to be awarded 33 hours of work at a rate of $254.81 per hour for a total award of $8,408.73 to be paid in accordance with agency policy.

**SO ORDERED**, this the 15th day of May, 2026.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE